HERMAN COOPERSMITH, Respondent, v. LOUIS WANG and ROSIE WANG, Appellants.

Third Department, November 15, 1922.

Contracts — construction — action on contract for installation of water fixtures — contract construed to require hot water connections for certain basins — failure to make said connections was substantial failure to perform and action not maintainable on contract — defendant's agent did not have power to waive plaintiff's failure to perform and to accept job — plaintiff entitled to judgment for difference between amount claimed and payments plus cost of repair and completion of contract.

A contract for the installation of " 11 basins — 17 by 19 aprons with nickleplated self closing bits, one bath 5 foot by 30, 3 toilets with 8 gallon high tanks polished oak, 1 sink 20 by 30, 1 sink 18 by 24, 2 cement wash tubs. All those fixtures to be fixed proper with hot and cold water," must be construed to require the contractor to make hot water connections with the eleven basins.

There was a substantial failure on the part of the plaintiff in the performance of the contract and he should not be permitted to recover thereon, since it appears that he failed to connect the eleven basins with hot water fixtures, and that the cost of making said connections amounted to about one-sixth of the entire contract.

The defendants' agent did not, under the terms of the contract, have the right to waive the plaintiff's failure to perform and to accept the job.

While the position of the defendants is technically correct, substantial justice will be done by permitting a recovery of the balance due on the contract, less the payments and the cost of completing the contract by the installation of hot water connections, and the cost of other repairs made necessary by defective construction.

APPEAL by the defendants, Louis Wang and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 15th day of February, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*Ellsworth Baker*, for the appellants.

*John D. Lyons* [ *Nellie Childs Smith* of counsel], for the respondent.

HASBROUCK, J.:

This is an appeal by the defendants from a judgment of $715.27, founded on a verdict in favor of the plaintiff.

The plaintiff on or about the 23d day of August, 1921, brought an action to foreclose a mechanic's lien on certain property of the defendants situated in the town of Fallsburgh, Sullivan county, for the sum of $1,070, with interest.

The plaintiff claims that the lien grows out of a contract to do certain work and furnish certain materials to the defendants. The contract is as follows:

"So. FALLSBURGH, NEW YORK, *March* 2, 1920.
" LOUIS WANG, Fallsburgh, N. Y.:
" 11 basins — 17 by 19 aprons with nickleplated self closing bits, one bath 5 foot by 30, 3 toilets with 8 gallon high tanks polished oak, 1 sink 20 by 30, 1 sink 18 by 24, 2 cement wash tubs. All those fixtures to be fixed proper with hot and cold water,  *  *  *. This job is to be completed for sum of $1100.00. $200.00 given by contract and $350.00 when the job will be half done and when the job will be complete balance to be paid by note on September first.  1 — 60 gallon boiler $75.00 — 1,175."

Among the allegations contained in the complaint, paragraph 3, is that the plaintiff performed the work and labor agreed to be performed and furnished the materials in accordance with the above-named agreement. The issues are made in the action by

Third Department, November, 1922.          [Vol. 203

the answer of the defendants which denies performance of the contract and sets up a counterclaim for the sum of $300, paid to the plaintiff on March 24, 1921, on an agreement made March 24, 1920, which required the plaintiff to install an air pressure tank pump and motor for pumping water to defendants' house in consideration of the payment of $530.

On the trial of the action the complaint for the foreclosure of the mechanic's lien was dismissed and the plaintiff permitted to go to trial upon the contract. The grievance of the defendants is that the plaintiff was allowed to recover on the contract where the proof according to defendants' claim showed no right to recover. The precise question under the contract of March second is, was the plaintiff required by it to place hot water connections in eleven basins? The defendants hold the affirmative. The plaintiff holds the contrary and that if the contract required the hot water connections with the basins then it was what the parties did not mean and was a mistake. The evidence shows that at or about the time of the making of the contract of March second, the defendants paid the plaintiff the sum of $200 on account of the contract; that they never made any further payment on this contract, though they agreed to do so when the contract was half finished. They claim they did not make a payment because they were not asked for it. However, on March twenty-fourth, the date of the making of the second contract, the defendants did pay the plaintiff on account of the second contract, which was never performed, the sum of $300. The plaintiff claims also for extra work for changing location of a certain toilet the sum of $95. This makes the total aggregate claim of the plaintiff against the defendants of $1,270. The defendants claim that they paid, which is not denied, $200 down at the time of the making of the contract of March second; that the plaintiff has retained and given no consideration for the $300 paid on account of the contract of March twenty-fourth; that it cost them $41 to repair the leaks in the imperfect plumbing done under the first contract; and that it cost them $200 to connect up and put hot water fixtures on the basins.

If all these claims are allowed it would show a balance of $529 in favor of the plaintiff. An examination of the evidence and of the requests to charge show that there was an attempt made upon the part of the plaintiff to either change or explain the terms of the contract of March second, so far as hot water fixtures were concerned. The appellants argue that the contract is explicit and needs no interpretation and calls for hot water connections with the eleven basins.

Technically I think they were right; that the agreement is plain

in its requirements for the furnishing of eleven basins to be fixed properly with hot and cold water. It seems to me that the written contract says as plainly as anything can be said: "I want eleven basins with fixtures to be fixed with hot and cold water."

Because of the payment of $300 on the contract of March twenty-fourth, the plaintiff undoubtedly waived the provision in the contract that the defendants should pay $350 when the contract of March second was half completed. As affairs stood when the plaintiff asserted he had finished his contract, there really existed a substantial failure to do so if I have properly interpreted its meaning.

Apprehending the defense of the failure to perform made by the defendants, the plaintiff and Max Feldman, defendants' agent, a former employee who worked on the job, swore that Mr. Gardner had said the job was a very good, neat job. It does not appear here clearly when the job was completed. The plaintiff swears that it was completed about June first The defendant Louis Wang testifies that he came up from New York on April twenty-ninth, and that the plaintiff had taken his tools away the day before. The defendants assert that two or three days after the twenty-ninth of April they saw the plaintiff and that they had a conversation about the payment for the job and the defendants said that they would not pay because plaintiff had not completed his job. If the defendants' theory is correct, the plaintiff has been guilty of a breach of his contract and should not be permitted to recover at all, because the breach is substantial. I do not think that under the terms of the contract the defendants' agent, Gardner, had the right to waive failure to perform on the part of the plaintiff and accept the job. He asserts, however, that the defendants accepted the job. That is to say that about the day that the plaintiff was finishing when he was where the basins were, Wang said: "everything is O. K."

Respondent urges too that defendants' objection to the hot water was not raised until July. It is possible the jury may have found that Wang did accept the job and should be bound by the acceptance. It is clear from the evidence that Gardner, who was the manager under the terms of the contract, did not call the plaintiff's attention to the fact that he was not making hot water connections during the job. That was a course of conduct which was prejudicial to the plaintiff if he had made a mistake as to what his contract meant. While I believe the position of the defendants to be technically correct, yet I think that the jury did substantial justice except that it neglected in its verdict to allow in full the $200 which the defendants were obliged to pay in order to have the hot water connections made with the basins.

I think the appeal should be sustained to the extent of reducing

the judgment of the plaintiff $100, and as so reduced affirmed, without costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellants to abide the event, unless the plaintiff stipulates to reduce the verdict to $529, in which case the judgment is so modified and as modified judgment and order unanimously affirmed, without costs.